B. M. SIMMS ET AL. V. BANK OF ALMA.

[FILED JULY 2, 1891.]

</div>

Negotiable Instruments: NOTE FOR PROPERTY PURCHASED UNDER FORECLOSURE: SALE VACATED. One S., holding a second lien on mortgaged premises, purchased the property at a sale under the decree of foreclosure and paid the costs of the action, but failed to pay the purchase money. Afterwards, he, with others, executed a note to the bank of A. for the amount of the purchase money for the use of the sheriff and delivered the same to one F., to be held until a motion to set aside the sale should be determined. The motion was overruled and the sale confirmed, whereupon the sheriff took the note to the bank and obtained the money thereon. The sale was afterwards set aside on a petition thereafter filed. The bank had no interest in the foreclosure proceedings, but simply loaned the money. *Held*, That it was entitled to recover.

ERROR to the district court for Harlan county. Tried
below before GASLIN, J.

*J. G. Thompson*, and *Case & McNeny*, for plaintiffs in
error, cited: *Burson v. Huntington*, 21 Mich., 415; *Hatha-
way v. Payne*, 34 N. Y., 105; *Fay v. Richardson*, 7 Pick.
[Mass.], 91; *Perry v. Patterson*, 42 Am. Dec. [Tenn.], 424;
*Thomas v. Watkins*, 16 Wis., 549*; *Hunt v. Wier*, 29 Ill.,
83; *Foy v. Blackstone*, 31 Id., 538; *Brown v. Willis*, 13
O., 26; *Kinne v. Ford*, 52 Barb. [N. Y.], 194; *Canfield v.
Ives*, 18 Pick. [Mass], 253; 1 Daniels, Neg. Inst., sec.
67; *Cotton v. Gregory*, 10 Neb., 129; *Dickinson v. Hall*,
14 Pick. [Mass.], 217; *Horner v. Rowley*, 51 Ia., 620;
*Maltz v. Fletcher*, 18 N. W. Rep. [Mich.], 228; *Catlin v.
Birchard*, 13 Mich, 422; *Colman v. Post*, 10 Id., 422.

*C. C. Flansburg contra*, cited: *Hansen v. Berthelson*, 19
Neb., 436; 2 Parsons, Notes and Bills, 508; *Lane v.
Sharp*, 3 Scam. [Ill.], 572; *Harlow v. Boswell*, 15 Ill.,
57; *Penny v. Graves*, 12 Id., 288.

MAXWELL, J.

In January, 1887, the Bank of Stratton obtained a decree
in the district court of Harlan county foreclosing a mort-
gage upon certain real estate in that county. The plaintiff
possessed a second lien on the mortgaged premises, and at
the sale under the decree purchased the property and soon
afterwards paid the sheriff the costs in the action, but did
not pay the purchase money. After some delay the plaint-
iff and others executed a note as follows:

"$350. ALMA, NEB., October 15, 1888.

"Thirty days after date, I, we, or either of us, for value
received, promise to pay to the order of the Bank of Alma,
of Alma, Neb., $350 at their banking house, with ten per
cent interest thereon from —— until paid, and an attor-

ney's fee of ten per cent additional if suit is brought upon
this note.

"(Signed)                    B. M. SIMMS.
                             "JOHN A. RANDALL.
                             "S. H. TAYLOR.
                             "A. R. ARBUCKLE.
                             "I. G. THOMPSON.
                             "DAN. SULLIVAN."

The testimony shows that a motion was pending in the
district court to vacate and set aside the sale, and that the
note was placed in the hands of C. C. Flansburg, to be held
by him until the motion was disposed of, when, if the mo-
tion was overruled, it was to be delivered to the sheriff,
who would thereby obtain from the bank the purchase
money on the mortgage sale to the plaintiff. The motion
to set aside the sale was overruled, when the sheriff obtained
the note and delivered it to the defendant, which seems to
have paid the full amount named therein. Some time
afterwards a petition to set aside the sale was filed and sus-
tained, the grounds of which do not appear in this case, nor
are they material in this action. The court below found
the issues in favor of the defendant and rendered judgment
accordingly.

There is no conflict in the testimony except as to the con-
ditions upon which Flansburg held the note. The plaint-
iff contends that the note was delivered before the terms of
the agreement had been complied with, while the testimony
on the part of the defendant shows that before delivery
there had been a full performance of the terms of the
agreement. The clear weight of testimony sustains the
defendant's theory of the case. The plaintiff had purchased
the property and was bound to pay for the same unless the
sale was set aside. The motion was overruled and the sale
confirmed. This made his liability complete, and the fact
that the sale was afterwards set aside on petition could not
affect the defendant's rights, as, so far as it appears, it had

nothing to do with the mortgage or mortgaged premises. It loaned its money to another to be applied on the sale, and the borrower is liable for the loan. There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.